**OFFIT KURMAN, P.A.**
*Proposed Attorneys to the Debtor*
590 Madison Ave Floor 6
New York, New York 10022
Phone: 212-545-1900
Jason Nagi, Esq.
Albena Petrakov, Esq.
         -and-
300 E. Lombard Street,
Baltimore, MD 21202
Phone: 410.209.6400
Joyce Kuhns, Esq. (pro hac vice admission pending)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
| In re: | : | Chapter 11 |
|---|---|---|
|  | : |  |
| WICKAPOGUE 1 LLC, | : | Case No. 8-23-71048-reg |
|  | : |  |
|  | : |  |
| Debtor | : |  |

-----------------------------------------------------------------------X

**APPLICATION FOR AUTHORIZATION TO RETAIN OFFIT KURMAN, P.A. AS COUNSEL TO DEBTOR AND DEBTOR-IN-POSSESSION, <u>EFFECTIVE AS OF PETITION DATE</u>**

**TO:    THE HONORABLE ROBERT E. GROSSMAN**
         **UNITED STATES BANKRUPTCY JUDGE**

Wickapogue 1 LLC, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), by its counsel, Offit Kurman, P.A., hereby submits this application (the "**Application**"), in support of an Order, pursuant to §327 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**"), granting the Debtor authority to retain Offit Kurman, P.A. (the "**Firm**") as its counsel, effective as of the petition date, and respectfully represent as follows:

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicates for the relief sought herein are §327(a) of the Bankruptcy Code and Bankruptcy Rule 2014. Venue is proper before this Court pursuant to 28 U.S.C. §1409.

**BACKGROUND**

2. On March 28, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and thereafter, continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in this Chapter 11 case.

3. The Debtor's primary asset is improved, residential real property located at 145 Wickapogue Rd, Southampton, Suffolk County, New York (the "**Property**").

4. The Debtor's bankruptcy filing was precipitated by Debtor's default on a loan in the aggregate principal amount of $5,750,000, consisting of a building loan in the amount $2,500,000 and a loan for the purchase of land in the amount of $3,250,000 to enable the Debtor to acquire the underlying land and construct the Property thereon, a 10,000 square-foot residence, for future sale. Additional information regarding the Debtor, as well as the events precipitating the commencement of the Chapter 11 case, is set forth in the Declaration of David Goldwasser as Chief Restructuring Officer of the Debtor.

5. The Debtor filed this chapter 11 case to facilitate a sale of the Property free and clear of certain judgments and liens, under a plan of liquidation, and to distribute net proceeds to creditors in the order of their respective priorities. The Debtor believes that the chapter 11 process provides the most efficient means to unlock the value of the Property for the benefit of its creditors.

6. The Debtor believes that the Firm has significant experience in bankruptcy and distressed real estate matters and is therefore well qualified to represent it in this case in a cost-effective, efficient and timely manner. Subject to the control and further order of this Court, the professional services that the Firm will render to the Debtor includes, but shall not be limited to, the following:

   a. advising the Debtor with respect to its powers and duties as a debtor-in-possession in the management of its estate;

   b. assisting in any amendments of Schedules and other financial disclosures and in the preparation/review/amendment of a disclosure statement and plan of reorganization;

   c. negotiating, drafting, and pursuing all documentation necessary in this Chapter 11 case, including, without limitation, any debtor-in-possession financing arrangements and the disposition of the Debtor's assets, by sale or otherwise and taking the necessary legal steps to confirm and consummate a plan of reorganization;

   d. preparing on behalf of the Debtor all necessary motions, applications, answers, proposed orders, reports and other papers to be filed by the Debtor in this case;

   e. appearing in Court and protecting the interests of the Debtor and the estate before the Court;

   f. taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate; and

   g. performing all other legal services for the Debtor that may be necessary and proper for an effective reorganization.

7. After due deliberation, the Debtor has determined that its interests and the interests of its creditors would best be served by the retention of the Firm as counsel to the Debtor to render such legal services as may be necessary and appropriate in connection with this Chapter 11 case. The Debtor submits that the Firm possesses extensive knowledge and expertise in the areas of law relevant to its bankruptcy case, and that the Firm is well qualified to represent the Debtor in this proceeding.

8. Except as set forth in the annexed declaration of Jason Nagi (the "Nagi Declaration"), the Firm is not connected with the Debtor, its creditors, other parties- in-interest or the Office of the United States Trustee.

9. Further, as set forth in the Nagi Declaration, the Firm does not, by way of any direct or indirect relationship to, connection with or interest in the Debtor, hold or represent an interest adverse to the estate and is a disinterested person. Accordingly, the Debtor believes that the Firm is a "disinterested party" within the meaning of §§101(14) and 327 of the Bankruptcy Code.

10. Because the full extent and nature of the legal services to be rendered are unknown at this time, the Debtor believes that the employment of the Firm is appropriate and in the best interests of the Debtor, its estate, creditors and equity holders. the Firm has indicated its willingness and desire to serve as counsel to the Debtor, as set forth above, and to render the legal services necessary as attorneys for the Debtor.

11. The Firm has agreed to make appropriate applications to this Court for compensation and reimbursement of expenses as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules") and the Guidelines for Fees and Disbursements for Professionals propounded by the Office of the United States Trustee. The Firm is willing to be retained by the Debtor as its counsel and will bill at the following hourly rates, which are $605.00 per hour for Jason Nagi, $585.00 per hour for Joyce Kuhns, $560.00 per hour for Albena Petrakov, $350.00 - $430.00 per hour for associates, and $165.00 - $195.00 per hour for paraprofessionals. These rates may be subject to adjustment from time to time. the Firm will also be entitled to seek reimbursement for all out-of-pocket disbursements. On March 22, 2023, the Firm received $50,000.00 as an initial retainer fee from the Debtor, of which $10,057.00 were expended on bankruptcy preparation prior to the Petition Date.

12. The Firm has explained to the Debtor that the hourly rates set forth above are (a) set

at a level designed to fairly compensate the Firm for its work and to cover fixed and routine overhead expenses, (b) standard for work of this nature inside or outside bankruptcy and (c) remain subject to periodic, firm-wide adjustments in the ordinary course of the Firm's business.

13. The Firm requests that the retention be effective as of the Petition Date, March 28, 2023, as the firm has been rendering services to the Debtor since the filing.

## CONCLUSION

14. Based upon the foregoing, the Debtor respectfully requests that the Application be granted in its entirety and that the Debtor be granted such other and further relief as this Court may deem just and proper. A proposed Order authorizing the retention of Offit Kurman as requested herein is annexed hereto.

15. Notice of this Application was given to the United States Trustee.

**WHEREFORE**, the Debtor respectfully requests that an Order be entered authorizing them to retain Offit Kurman as their counsel in these proceedings, effective as of March 28, 2023, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 30, 2023

Respectfully Submitted,

WICKAPOGUE 1 LLC

By: David Goldwasser
Chief Restructuring Officer

5