**OFFIT KURMAN, P.A.**
*Proposed Attorneys to the Debtor*
590 Madison Ave Floor 6
New York, New York 10022
Phone: 212-545-1900
Jason Nagi, Esq.
Albena Petrakov, Esq.
      -and-
300 E. Lombard Street,
Baltimore, MD 21202
Phone: 410.209.6400
Joyce Kuhns, Esq. (pro hac vice admission pending)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
| In re: | : | Chapter 11 |
| | : | |
| WICKAPOGUE 1 LLC, | : | Case No. 8-23-71048-reg |
| | : | |
| | : | |
| Debtor | : | |

------------------------------------------------------------------------X

## DECLARATION OF JASON NAGI SUPPORTING DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF OFFIT KURMAN, P.A. AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Jason Nagi makes this declaration under 28 U.S.C. § 1746:

1.    I am a partner in the law firm of Offit Kurman, P.A. (the "**Firm**"), a full-service law firm with offices in New York at 590 Madison Avenue, New York, New York 10022. I am a lead attorney from the Firm working on the above-captioned Chapter 11 case. I am a member in good standing of the Bar of the State of New York and I am admitted to practice in the United States District Court for the Eastern District of New York.

2.    I submit this declaration (the "**Declaration**"), pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and section 329 of title 11 of the United States Code (the "**Bankruptcy Code**"), in support of the *Debtor's Application for an Order*

*Authorizing the Retention and Employment of Offit Kurman, P.A. as Attorneys for the Debtors and Debtors in Possession* Nunc Pro Tunc *to the Petition Date* (the "**Retention Application**").

3. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon the Firm's completion of further review, or as additional party-in-interest information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

4. Subject to control and further order of this Court, the professional services that the Firm will render to the Debtor shall include the following:

   a. advising the Debtor with respect to its powers and duties as a debtor-in-possession in the management of its estate;

   b. assisting in any amendments of Schedules and other financial disclosures and in the preparation/review/amendment of a disclosure statement and plan of reorganization;

   c. negotiating, drafting, and pursuing all documentation necessary in the Chapter 11 case, including, without limitation, any debtor-in-possession financing arrangements and the disposition of the Debtor's assets, by sale or otherwise and taking the necessary legal steps to confirm and consummate a plan of reorganization;

   d. preparing on behalf of the Debtor all necessary motions, applications, answers, proposed orders, reports and other papers to be filed by the Debtor in this case;

   e. appearing in Court and protecting the interests of the Debtor and the estate before the Court;

   f. taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate; and

   g. performing all other legal services for the Debtor that may be necessary and proper for an effective reorganization.

5. Based upon my review of all of the Firm's connections in this Chapter 11 case, I

submit that the Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that the Firm, its partners, counsel and associates:

(a) are not creditors, equity security holders or insiders of the Debtor;

(b) are not and were not investment bankers for any outstanding security of the Debtor;

(c) have not been, within three years before the Petition Date, (i) investment bankers for a security of the Debtors; or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor;

and (d) are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

6. Except as set forth herein, to the best of my knowledge and insofar as I have been able to ascertain, neither the Firm nor any of its partners, counsel, or associates holds or represents any interest adverse to the Debtor or their estates in the matters upon which it is to be engaged.

7. I have reviewed the Firm's current and past clients and have compared them to the schedules and lists provided by the Debtor of: (i) all creditors as set forth in its petition and schedules; (ii) its secured creditors as set forth in the petition and schedules; (iii) the Debtor's equity holders; and (iv) all shareholders, directors and officers of the Debtor. To the best of my knowledge, and based upon the Firm's due inquiry, the Firm does not and has not, represented any of the parties related to the Debtor, its creditors or other parties-in-interest except as disclosed herein. The Firm has not, does not and will not represent such entities, or any of its respective affiliates or subsidiaries, in matters related to this case.

8. The Firm has represented in the past Blue Castle (Cayman) Ltd. ("**Blue Castle**") in connection with a UCC foreclosure against the Debtor (and in a variety of other matters unrelated to this Chapter 11 case). Blue Castle received assignment of a certain Amended and Restated Mortgage

Note, dated February 7, 2020, executed by the Debtor, in favor of 5 Arch Funding Corp. ("**Original Noteholder**", in the principal amount of $3,250,000.00 (the "**Senior Loan Note**"), and of a certain Amended and Restated Building Loan Mortgage Note, dated February 7, 2020, executed by the Debtor in favor of Original Noteholder, in the principal amount of $2,500,000.00 (the "**Building Loan Note**") on June 10, 2022. This representation was completed and during the period covering the twelve months ending March 20, 2023, total fee receipts for matters in which the Firm represented Blue Castle represented less than 1% of the Firm's aggregate fee receipts.

9. The Firm will not represent Blue Castle or any of its affiliates in connection with any matters related to this Chapter 11 case. As such I do not believe the Firm's prior representation of Blue Castle precludes the Firm from being disinterested under the Bankruptcy Code

10. After due deliberation, the Debtor has determined that its interests and the interests of its creditors would best be served by the retention of the Firm as counsel to the Debtor to render such legal services as may be necessary and appropriate in connection with this Chapter 11 case. I and my partners possess extensive knowledge and expertise in the areas of law relevant to this bankruptcy case, and the Firm is well qualified to represent the Debtor in this proceeding.

11. Because the full extent and nature of the legal services to be rendered are unknown at this time, the Debtor believes that the employment of the Firm is appropriate and in the best interests of the Debtor, its estate, creditors and equity holders. the Firm has indicated its willingness and desire to serve as counsel to the Debtor, and to render the legal services necessary as attorneys for the Debtor.

12. I have advised the Debtor that we intend to make appropriate applications to this Court for compensation for professional services rendered and reimbursement of expenses as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Eastern District of New York (the "**Local Rules**") and the Guidelines for Fees and Disbursements for Professionals propounded by the Office of the United States Trustee. No

promises have been received by the Firm, or any member, counsel or associate of the Firm, as to payment or compensation in connection with this Chapter 11 case other than in accordance with Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines. Further, the Firm has no agreement with any other entity to share compensation received by the Firm or any such entity.

13. The Firm is willing to be retained by the Debtor as its counsel and will bill at the following hourly rates, which are $605.00 per hour for Jason Nagi, $585.00 per hour for Joyce Kuhns, $560.00 per hour for Albena Petrakov, $350.00 - $430.00 per hour for associates, and $165.00 - $195.00 per hour for paraprofessionals. These rates may be subject to adjustment from time to time. The Firm will also be entitled to seek reimbursement for all out-of-pocket disbursements. As is customary, the Firm shall maintain individual time records to identify the particular services rendered on the Debtor's behalf, listing the attorney involved, and the task performed.

14. On March 22, 2023, the Firm received $50,000.00 as an initial retainer fee from the Debtor, of which $10,057.00 were expended on bankruptcy preparation prior to the Petition Date.

15. The Firm has explained to the Debtor that the hourly rates set forth above are (a) set at a level designed to fairly compensate the Firm for its work and to cover fixed and routine overhead expenses, (b) standard for work of this nature inside or outside bankruptcy and (c) remain subject to periodic, firm-wide adjustments in the ordinary course of the Firm's business.

16. Based upon a review of the foregoing information, neither I, the Firm, nor any member of, counsel to, or associate of the Firm represents any entity other than the Debtor in connection with this Chapter 11 case. In addition, to the best of my knowledge after due inquiry, neither I, the Firm nor any member of, counsel to, or associate of the Firm represents any party in interest in this Chapter 11 case in matters related to this Chapter 11 case.

17.     The Firm requests that the retention be effective as of the Petition Date, March 28, 2023, as the firm has been rendering services to the Debtor since the filing.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  New York, New York
        March 29, 2023

/s/ Jason A. Nagi
Jason A. Nagi