| | |
|---|---|
| **OFFIT KURMAN, P.A.** | **OFFIT KURMAN, P.A.** |
| Jason A. Nagi | Joyce Kuhns, Esq. (Admitted *pro hac vice*) |
| 590 Madison Avenue, 6th Floor | 1954 Greenspring Ave, Suite 605 |
| New York, NY 10022 | Timonium, MD 21093 |
| Phone: 212-545-1900 | Phone: 410.209.6400 |

*Proposed Attorneys to the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| WICKAPOGUE 1, LLC, | Case No. 8-23-71048-reg |
| Debtor. | |

## *LAR DAN* DECLARATION OF JOHN RAMER FURTHER SUPPORTING DEBTOR'S APPLICATION TO RETAIN OFFIT KURMAN, P.A. AS COUNSEL

**JOHN RAMER**, pursuant to 28 U.S.C § 1746 and Bankruptcy Rule 2014(a), hereby declares under penalty of perjury that the following is true and correct:

1. I am an authorized Signatory of Blue Castle (Cayman) Ltd. ("**Blue Castle**"), the secured lender in this bankruptcy case.

2. I am familiar with the facts stated in, and make this Declaration in support of, the Application to Retain Offit Kurman, P.A. ("**Offit**") as counsel to Wickapogue 1, LLC (the "**Debtor**").

3. To the best of my knowledge, Offit and its respective employees have no connection with, and no interests adverse to, the Debtor, its creditors, other parties in interest, or their respective professionals.

4. Blue Castle made a determination that it was in the best interests of the Debtor and its creditors to file a chapter 11 petition to sell Debtor's primary asset to pay Debtor's creditors. [*See* Dkt# 8 (Unanimous Written Consent).]

5. Blue Castle, as secured lender, knew that there was no available cash to pay Offit, and would have to fund the Retainer Fee to Offit, as bankruptcy counsel to the Debtor.

6. On March 22, 2023, in connection with its status as a secured lender, Blue Castle made a prepetition advance to protect its interest in its collateral, by wiring a $50,000.00 retainer fee (the "**Retainer Fee**") to Offit, as proposed counsel for the Debtor.

7. Blue Castle intends to include the Retainer Fee in its secured claim pursuant to the loan documents.

8. The Retainer Fee payment was made pursuant to Section 6 (e) of both the Amended and Restate Building Loan Mortgage Note (the "**Building Note**") and the Amended and Restate Mortgage Note (the "**Note**"). That provision states:

> The Maker hereby further agrees on demand to pay, reimburse and satisfy in full *any and all expenses that may be paid or incurred by the Lender in the collection of all or any portion of the indebtedness evidence hereby or the exercise or enforcement of any one or more of the other rights, powers, privileges, and remedies of the Lender hereunder*, irrespective of the manner or success of any such collection exercise or enforcement. *Any such expenses shall bear interest at the Default Rate* from the date the same are incurred by the Lender until repaid to it by the Maker.

(Copies of the relevant sections of the Building Note and the Note are attached hereto as **Exhibit A**) (emphasis added).

9. In addition, Section 11 of both the Building Loan Mortgage Extension, Consolidation and Modification Agreement, Security Agreement and Assignment of Rents and Leases (the "**Building Mortgage**") and the Mortgage Extension, Consolidation and Modification Agreement, Security Agreement and Assignment of Rents and Leases (the "**Mortgage**") supports the Retainer Fee payment. That provision states:

> That *if any action or proceeding be commenced* (including an action to foreclose this mortgage or to collect the debt secured hereby), *in which the Mortgagee* becomes a party or *participates*, by reason of being the holder of this Mortgage or the debt secured hereby, *all sums paid by the Mortgagee for the expense of* so becoming a party or *participating (including reasonable counsel fees) shall* on notice and demand *be paid by the Mortgagor, together with interest thereon* at the rate per annum specified in Article 4 hereof, and shall be a lien on the Premises, prior to any right or title to, interest in or claim upon, the Premises subordinate to the lien of this Mortgage, *and shall be deemed to be secured by this Mortgage and evidenced by the Note*.

(Copies of the relevant sections of the Building Mortgage and the Mortgage are attached hereto as **Exhibit B**) (emphasis added).

10. Blue Castle has been represented by Hasbani & Light LLC prior to the commencement of this bankruptcy case, and Hasbani & Light LLC has entered its appearance in this bankruptcy case as counsel to Blue Castle.

11. Blue Castle understands that, while it paid the Retainer Fee, Offit will not be representing Blue Castle in the bankruptcy case, and consents to the Debtor's retention of Offit as Debtor's bankruptcy counsel.

12. Blue Castle understands that Offit has a duty of undivided loyalty owed exclusively to the Debtor and Debtor-in-possession, and its estate.

13. Blue Castle understands that Offit owes no duty to Blue Castle other than as a creditor of the estate.

14. To the best of my knowledge, there are no other facts which otherwise create non-disinterestedness, actual conflict, or impermissible potential for conflict of interest.

Dated: May 15, 2023

_____
JOHN RAMER