| | |
|---|---|
| **OFFIT KURMAN, P.A.** | **OFFIT KURMAN, P.A.** |
| Jason A. Nagi | Joyce A. Kuhns, Esq. (*pro hac vice*) |
| 590 Madison Avenue, 6th Floor | 1954 Greenspring Drive, Suite 605 |
| New York, NY 10022 | Timonium, MD 21093 |
| Phone: 212-545-1900 | Phone: 410.209.6400 |

*Attorneys to the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>WICKAPOGUE 1 LLC,<br><br>Debtor | Chapter 11<br><br>Case No. 8-23-71048-reg |

## WICKAPOGUE 1 LLC's OPPOSITION TO (1) NOTICE OF HEARING ON MOTION OF MICHAEL MANGIARACINA TO VACATE THE AUGUST 7, 2023 COURT DECISION ON THE RECORD AND ORDER DATED AUGUST 11, 2023 GRANTED BY DEFAULT AND RESTORE THE MATTER TO THE COURT CALENDAR; AND (2) AFFIRMTATION OF GEORGE M. GAVALAS IN SUPPORT OF ORDER TO SHOW CAUSE

Debtor Wickapogue 1, LLC (the "**Debtor**"), by its counsel, Offit Kurman, P.A., files this Opposition to ECF Docket Numbers 98 and 99 (the "**Motions**"), filed by Allen L. Pullin on behalf of Michael Mangiaracina ("**Mr. Mangiaracina**"). In support thereof, the Debtor respectfully represents as follows:

### PROCEDURAL HISTORY

1. At a hearing held on June 28, 2023, this Court heard the Debtor's motion to turnover the property known as 145 Wickapogue Rd. Southampton, NY (the "**Property**"). The hearing was adjourned until August 7, in part, so that Mr. Mangiaracina could produce a lease establishing his interest in the Property. While the purported lease was the only evidence in support of Mr. Mangiaracina's interest in the Property, it had never been disclosed or produced until after the hearing.

2. Mr. Gavalas was present at the June 28 hearing.

3. On July 14, 2023, the Court granted Debtor the ability to obtain discovery, to examine the purported lease, and thereafter requested to depose Mr. Mangiaracina and other parties for the purpose of determining if Mr. Mangiaracina had any valid interest in the Property.

4. An original lease was never produced.

5. Neither Mr. Mangiaracina, nor other individuals made themselves available for depositions prior to the August 7 hearing.

6. The only document produced in response to the Debtor's discovery requests which references Mr. Mangiaracina's alleged leasehold interest in the Property is what appears to be a balance sheet of Mr. Mangiaracina.

7. The balance sheet was provided to the Debtor by Robert Sasloff, the attorney of Mark and Nicole Gallagher.

8. On August 7, 2023, this Court held a further hearing on the Debtor's Motion to Turnover the Property.

9. Mr. Mangiaracina did not appear in person at the August 7 hearing, instead appearing by telephone, even though he was the individual claiming to have a legitimate lease.

10. Nicole Gallagher, however, did appear and provide testimony pertaining to the lease.

11. After hearing testimony and a cross examination of Mrs. Gallagher, this Court granted Debtor's motion seeking turnover on August 7, 2023.

12. On August 11, 2023, this Court entered an order directing Mr. Mangiaracina, and any other occupant, to remove their personal property from the Property, and to turn over the Property to the Debtor by August 14, 2023, and in no event later than August 16, 2023. [ECF No. 90] (the "**Turnover Order**").

13.     On August 17, 2023, Allan L. Pullin filed various Motions on behalf of Mr. Mangiarainca, including a proposed Order to Show Cause and an Affirmation by drafted by George M. Gavalas in support of said proposed Order. [ECF No. 91].

14.     On August 18, 2023, this Court denied the proposed Order to Show Cause, citing the movant's failure to comply with E.D.N.Y. LBR 9077-1, and this Court found no cause to proceed by other than notice of motion. [ECF No. 94].

15.     On August 21, 2023, Allan L. Pullin filed the Notice of Hearing as a "Motion to Stay" and attached the Affirmation on behalf of Mr. Mangiaracina. [ECF No. 98].

16.     On August 23, 2023, Allan L. Pullin again filed the identical Notice of Hearing and the Affirmation on behalf of Mr. Mangiaracina, but this time as a "Motion to Vacate Order." [ECF No. 99].

17.     On August 24, 2023, Allan L. Pullin filed a letter with this Court whereby Mr. Pullin acknowledged that he was aware of his responsibilities to the court and the parties in interest as the filer of the above motions and that he would continue until such time as Mr. Gavalas has been properly registered in the case. [ECF No. 100].

18.     Based on the above, it appears that Mr. Gavalas is not admitted in the Court and was not admitted at the time of the June 28 or August 7 hearings, although the Debtor has not been able to confirm this.

19.     On August 30, 2023, this Court heard the Debtor's Motion for Writ of Assistance and Motion for Contempt against Mr. Mangiaracina, and at the hearing, once again ordered Mr. Mangiaracina to vacate the Property, this time, by 5:00 pm of the same day.

# ARGUMENT

### A. Mr. Gavalas' Affirmation fails to establish grounds to vacate the Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure

20. Rule 60(b) provides for limited grounds for which the court may relieve a party, or its legal representative, from a final judgment, order, or proceeding, such grounds being:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

21. Mr. Gavalas' Affirmation does not specify what grounds, if any, under Federal Rule 60(b) entitles Mr. Mangiaracina to relief from the Turnover Order.

22. Instead, the Affirmation cites various State Court cases, which cite state court law, holding that relief from default judgments should be liberally construed to allow cases to be resolved on their merits.

23. Even if state law was applicable here, the Order of this Court issued on August 11 is not an order pursuant to default.

24. Mr. Mangiaracina was present via telephone at the hearing. [ECF No. 103].

25. In addition, various portions of the docket indicate that Mr. Mangiaracina is or has been represented at different times by Leech Tishman Robinson Brog, PLLC, Allan L. Pullin, and George M. Gavalas, although Mr. Gavalas has not filed one pleading, motion, or letter in this case under his own name.

26. Regardless, the Court did take testimony from Mrs. Gallagher concerning the purported lease and its value, and attempted to justify how or why Mr. Mangiaracina had a valid lease and interest in the Property. The Court ultimately determined that the purported lease was not valid. As such, there is no basis to vacate a default, since none existed.

**B.     This Court has Jurisdiction over Mr. Mangiaracina**

27. An individual does not need to be a formal party in a bankruptcy case for a bankruptcy court to exercise jurisdiction over that person. Mr. Mangiaracian was an occupant of property of the estate, and appeared with respect to the motion seeking turnover of the Property. As a result, this Court has jurisdiction over Mr. Mangiaracina. *See, e.g.*, *In re Toledano*, 299 B.R. 284, 299 (Bankr. S.D.N.Y. 2003) ("In the event the Debtor *or any other individuals currently occupying the Premises* do not voluntarily vacate the Premises in accordance with this Order, the Trustee is hereby authorized to settle an order on three days' notice by hand or overnight delivery upon the Debtor at the Premises and upon her counsel, directing the United States Marshals Service to effectuate the terms of the assignment of the Lease by evicting all occupants from the Premises.") (emphasis added); *In re Kerlo*, 311 B.R. 256, 262 (Bankr. C.D. Cal. 2004) ("A bankruptcy court has authority to enforce judgments for possession of property through writs and other orders under § 105(a)… here in order to carry out the administration of the property for the benefit of the creditors. … Because the trustee is unable to market and sell the property as a result of the debtor's occupancy of the property, a writ of execution is necessary and appropriate to carry out the provisions of the Bankruptcy Code.") (internal citations omitted).

28. Here, like in *Toledano* and *Kerlo*, Mr. Mangiaracina and the Property are subject to an order directing turnover. The property is and was occupied by an individual who is not the debtor or a party in interest and is subject to a motion to turnover pursuant to an order of this court.

As such, this Court has jurisdiction over Mr. Mangiaracina, and appropriately exercised its jurisdiction in granting, and the enforcing, the Turnover Order.

29. To the extent the Affirmation can be read to argue that Mr. Mangiaracina had no actual notice of the hearings, Debtor notes that: (a) Mr. Gavalas was present at the June 28 hearing where it was decided in open court that the motion for turnover would be heard on August 7, and (b) Mr. Mangiaracina appeared at the August 7 hearing via telephone.

30. Finally, in light of Mrs. Gallagher's testimony, Debtor submits that, had Mr. Gavalas been in attendance, the outcome—entry of the Turnover Order—would have been the same.

### C. Mr. Gavalas' Affirmation is inadequate pursuant to Local Rule 9013-1(a) of the United States Bankruptcy Court for the Eastern District of New York

31. Pursuant to Local Rule 9013-1(a) of the United States Bankruptcy Court for the Eastern District of New York, "A motion shall be in writing, unless made during a hearing, and shall specify the rules and statutory provisions upon which it is based and the legal authorities that support the requested relief, either in the motion or in a separate memorandum of law, and the factual grounds for relief. Failure to provide this information may be grounds to strike the motion from the calendar or deny the motion."

32. Mr. Gavalas, through Allan L. Pullin, is attempting to bring a motion before this Court via an Affirmation in Support of Order to Show Cause, it is unsupported by Mr. Mangiaracina, or anyone with actual knowledge of the facts alleged therein.

33. To this end, while Mr. Gavalas argues in his Affirmation that a party need only establish the asserted defense of lack of jurisdiction in order to nullify a judgment, Debtor notes that the argument is supported by conclusory statements that Mr. Mangiaracina is not a party to this case and was not adequately served notice by the Debtor. There are no facts presented to

support these conclusory statements and no statute or case law is cited to support either of Mr. Gavalas' arguments. For these additional reasons, the Motions fail.

## **CONLCUSION**

34. For the foregoing reasons, the Motions must be denied.

Dated: New York, New York
August 30, 2023

**OFFIT KURMAN, P.A.**

By:   */s/ Jason A. Nagi*
Jason A. Nagi
590 Madison Avenue, 6th Floor
New York, NY 10022
Phone: 212-545-1900
jason.nagi@offitkurman.com

and

Joyce A. Kuhns, Esq. (admitted *pro hac vice*)
1954 Greenspring Drive, Suite 605
Timonium, MD 21093
Phone: 410.209.6400
jkuhns@offitkurman.com

*Attorneys to the Debtor*